FILED

NOT FOR PUBLICATION

OCT 28 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

GONZALO BARBOSA SALGADO,

Petitioner - Appellant,

v.

RICK COURSEY,

Respondent - Appellee.

No. 14-35517

D.C. No. 2:12-cv-01334-PK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted October 13, 2015[**]
Portland, Oregon

Before: TASHIMA, GILMAN[***], and BEA, Circuit Judges.

Gonzalo Salgado appeals the district court's denial of his petition for habeas

corpus. We review de novo, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Ronald Lee Gilman, Senior Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

To prevail on his claim that counsel was ineffective for failing to object to testimony that Salgado was identifiable by a socially offensive tattoo located on the back of his head, Salgado must show that his counsel's performance was deficient and that counsel's error prejudiced him. *Hibbler v. Benedetti*, 693 F.3d 1140, 1149 (9th Cir. 2012). Salgado has not shown that his counsel's performance was deficient, because he has not shown that the witness's identification testimony was inadmissible as irrelevant or because "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." O.R.S. § 40.160, Or. Rev. Stat. Ann. § 40.160 (West). To the contrary, the witness testified that he recognized the defendant by his tattoo. It was not unreasonable for counsel not to make a futile objection.

Further, even if counsel erred by failing to object, Salgado cannot show prejudice because Salgado had shaved his head before trial. The state post-conviction review court found that Salgado had thus rendered the tattoo visible, that the jury was made aware of the tattoo during voir dire, and that therefore Salgado was not prejudiced. That finding is not an unreasonable determination of the facts in light of the evidence presented in the State court proceeding, and we affirm. 28 U.S.C. § 2254(d)(2).

**AFFIRMED**.